IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JADE LEE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA INC., SANTANDER DRIVE AUTO RECEIVABLES, LLC, PENRAC LLC, et al.,<br><br>Defendants. | ) | 1:25-cv-872 |

**AMENDED ORDER**[1]

Plaintiff, proceeding pro se, filed a complaint in state court which was subsequently removed to this court. (Doc. 1.)[2] Several Defendants filed motions to dismiss. (See Docs. 13, 18, 27, 47, 51.) Thereafter, another court in this district entered its order, (Doc. 55), allowing Plaintiff to file a Second Amended Complaint, (Doc. 56). A number of Defendants filed motions to dismiss the Second Amended Complaint. (See e.g., Docs. 57, 74, 82, 85, 90, 96, 100.) Plaintiff thereafter filed Plaintiff's Motion for Leave to File Third Amended Complaint,

[1] This Amended Order recognizes Tran Union's entry as a Defendant and joinder in Experian's motion to dismiss.

[2] All citations in this Order to documents filed with this court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

(Doc. 116), and that motion was allowed by Order of another court in this district, (Doc. 117). However, in that Order, the court also directed the Clerk's Office to send Plaintiff a form for filing a complaint and directed that Plaintiff "should" use the form. (Id. at 1, 3.) The Order also directed Plaintiff to "clearly set[ ] out the basis of her claim as to each named defendant." (Id. at 3.) Plaintiff chose not to use the recommended form. (See Doc. 120.)

Plaintiff thereafter filed a Final Amended Complaint, (Doc. 120), which a number of Defendants have moved to dismiss. Pending before this court are the following motions to dismiss: Moody's Investors Service, Inc.'s ("Moody") Motion to Dismiss Third Amended Complaint, (Doc. 124), Defendants Santander Consumer USA Inc., Santander Drive Auto Receivables, LLC, Citibank N.A., Wilmington Trust, N.A. and Clayton Fixed Income Services, LLC's Motion to Dismiss Final Amended Complaint, (Doc. 127), Defendant Penrac LLC's ("Penrac") Motion to Dismiss, (Doc. 129), Defendant Equifax Information Services, LLC's Motion to Dismiss Plaintiff's Final Amended Complaint, (Doc. 131), Defendant NCB Management Services, Inc.'s Motion to Dismiss, (Doc. 133), Defendant Fitch Ratings, Inc.'s ("Fitch") Motion to Dismiss, (Doc. 135), and Defendant Experian Information Solutions, Inc.'s Motion to Dismiss Plaintiff's Final Amended

Complaint, (Doc. 137). Defendant Trans Union LLC joins in Experian's motion to dismiss, (Doc. 137), for the same reasons cited in Experian's brief, (Doc. 138).[3] (Doc. 142.) Plaintiff has responded, (Docs. 126, 144, 145, 146, 147, 148, 149), and Defendants have filed replies, (Docs. 139, 150, 151, 152, 153, 154). Plaintiff filed, and now moves to withdraw, surreplies, (Docs. 155, 156, 157, 158, 159, 162.) Plaintiff's motion to withdraw surreplies, (Doc. 162), will be granted.

Moving Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Certain defendants, including Moody's, Penrac, and Fitch, move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2). (Docs. 124, 129, 135.)

This court finds the motions to dismiss should be granted and the complaint dismissed. The court does not accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's complaint includes a number of unsupported legal conclusions, and "[m]erely couching legal conclusions like this as facts, without providing further factual support, is not enough to survive a Rule 12(b)(6) motion." Morgan v.

[3] This Order is Amended to correct the court's oversight in failing to acknowledge Trans Union's joinder in Experian's motion. (See Doc. 142).

Broccoletti, No. 22-CV-57, 2022 WL 1304539, at *3 (E.D. Va. May 2, 2022) (citing Turner v. Thomas, 930 F.3d 640, 644 (4th Cir. 2019)).

## I. **Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) — Moody's, Penrac, and Fitch**

Each of these three defendants — Moody's, Penrac, and Fitch - move to dismiss these claims for lack of personal jurisdiction. (Docs. 124, 129, 135.) Plaintiff "bears the burden of demonstrating personal jurisdiction" at the pleading stage. Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016). In making that determination, the court may consider "the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint . . . ." Id. at 268.

Federal courts may exercise "personal jurisdiction over a defendant in the manner provided by state law." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003). North Carolina's long-arm statute "is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Due Process permits either general or specific jurisdiction. See Goodyear Dunlop Tires Ops., S.A. v. Brown, 564 U.S. 915, 919 (2011). General jurisdiction exists

where a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum state." Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). For a business entity, the paradigm forums are its places of organization and its principal place of business. See Daimler AG v. Bauman, 571 U.S. 117, 118 (2014). Put simply, Plaintiff alleges no plausible facts as to each of these Defendants that might establish general jurisdiction.

Nor has Plaintiff established that this court has specific jurisdiction. Specific personal jurisdiction extends "to a narrower class of claims" than general jurisdiction. Ford Motor Co. v. Mont. 8th Jud. Dist. Ct., 592 U.S. 351, 359 (2021). For specific jurisdiction to exist, the plaintiff's claims "'must arise out of or relate to the defendant's contacts' with the forum." Id. (quoting Bristol-Myers Squibb Co. v. Super. Ct., 582 U.S. 255, 262 (2017)). Here, it is unclear from the Final Amended Complaint or other pleadings where any of the relevant activity, as opposed to effects, occurred.

Plaintiff has alleged, for example, that these Defendants engaged in "nationwide" activity, and some of the effects of that activity were "experienced in North Carolina." (See Doc. 126 at 2.) That allegation does not explain what a defendant may

have done specifically or where any wrongful conduct may have occurred. Plaintiff has argued that Penrac's "continued reporting and enforcement of the alleged debt directly affected Plaintiff's credit standing . . . while she resided in North Carolina." (Doc. 145 at 6.) Similarly, as to Fitch, Plaintiff argues that she experienced harm as a result of "[t]he consequences of those transactions . . . while she resided in North Carolina." (Doc. 147 at 2.) "[T]he Plaintiff cannot be the only link between the defendant and the forum." Walden v. Fiore, 571 U.S. 277, 285 (2014). "Although the place that the plaintiff feels the alleged injury is plainly relevant to the inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 626 (4th Cir. 1997). Plaintiff fails to carry the burden to establish personal jurisdiction, and the motions will therefore be granted.

Nevertheless, even if the pleadings can be construed to establish personal jurisdiction, the motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be granted.

## II. Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) — All Defendants

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of

a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (citations omitted). Nevertheless, liberal construction of a pro se complaint does not "undermine Twombly's requirement that a pleading contain 'more than labels and conclusions[.]'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (citation omitted). Likewise, a court should not "conjure up questions never squarely presented to [it]." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

A complaint must plead factual content showing what each defendant did; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Here, Plaintiff has engaged in a type of group pleading that is often insufficient to state a claim. "In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant," and "[b]lanket conclusory allegations as to multiple defendants are insufficient." Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc., 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) (quoting Vision Motor Cars, Inc. v. Valor Motor Co., 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013)).

As noted previously, the court does not accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Plaintiff's complaint includes a number of unsupported legal conclusions, and "[m]erely couching legal conclusions like this as facts, without providing further factual support, is not enough to survive a Rule 12(b)(6) motion." Morgan, 2022 WL 1304539, at *3 (citing Turner, 930 F.3d at 644).

A few of the facts will be addressed to illustrate the implausible and conclusory nature of the pleadings.

First, Plaintiff alleges, as to Penrac, that "[t]hese Defendants failed to disclose material facts at the point of sale, including that the RISC would be immediately assigned, pooled, and securitized, and that Plaintiff's loan would be monetized through asset-backed securities." (Doc. 120 ¶ 32B; see also ¶¶ 47-50.) Contrary to Plaintiff's allegation, "securitization merely creates a separate contract, distinct from [Plaintiff's] debt obligations under the note and does not change the relationship of the parties in any way." Young v. Ditech Fin., LLC, No. CV 16-3986, 2017 WL 3066198, at *7 (D. Md. July 19, 2017) (quoting Reyes v. GMAC Mortgage LLC, No. 11-cv-100, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011)) (alterations in original); see also Mori El v. Nationstar Mortg., No. 19cv218, 2019 WL 3779552, at *5 (M.D.N.C. Aug. 12, 2019) (dismissing claims like Plaintiff's while recognizing that "securitization is not some sort of illicit scheme that taints the underlying debt" (cleaned up)). Relatedly, a borrower who is neither a party to nor a third-party beneficiary of the securitization agreements cannot "challenge the validity of a . . . securitization or . . . request a judicial determination that a loan assignment is invalid due to noncompliance with"

those agreements. McGee v. Countrywide Bank FSB, No. 12CV772, 2013 WL 942394, at *3 (M.D.N.C. Mar. 11, 2013) (quoting Nw. Nat'l Ins. Co. of Wis. v. FMC Corp., 845 F. Supp. 2d 697, 702 (W.D.N.C. 2012)). Plaintiff's allegations regarding "pooling" and "securitization" are insufficient to plausibly establish a claim.

Second, Plaintiff alleges that certain Defendants engaged in wrongful conduct involving credit information, including "data regarding account status, balance, ownership, and enforcement authority." (Doc. 120 ¶ 57; see also ¶¶ 56-59.) These allegations are threadbare recitations of the elements of the claim and insufficient to plausibly allege a claim.

> Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "across the line from conceivable to plausible."

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, 680) (citations omitted). Plaintiff's allegations are insufficient to plausibly allege the claims as asserted.

## III. Conclusion

Plaintiff is proceeding pro se and, as noted, is entitled to some deference through a liberal construction of the

pleadings. Here, Plaintiff filed a complaint followed by an amended complaint. In response to the original complaint and the amended complaint, Defendants filed extensive motions to dismiss explaining the deficiencies in the pleadings. Before allowing Plaintiff to file the Final Amended Complaint, another court in this district cautioned Plaintiff by suggesting the use of a form complaint and directing that Plaintiff "clearly set[ ] out the basis of her claim as to each named defendant." (Doc. 117 at 3.) Plaintiff has persisted in making threadbare recitations of the elements of the claims in this Final Amended Complaint. The court will therefore grant the motions to dismiss.

For the reasons set forth herein:

**IT IS ORDERED** that Plaintiff's Motion to Withdraw Docket Entries 155, 156, 157, 158, and 159, (Doc. 162), is **GRANTED**.

**IT IS FURTHER ORDERED** Moody's Investors Service, Inc. Motion to Dismiss Third Amended Complaint, (Doc. 124), Defendants Santander Consumer USA Inc., Santander Drive Auto Receivables, LLC, Citibank N.A., Wilmington Trust, N.A., and Clayton Fixed Income Services, LLC's Motion to Dismiss Final Amended Complaint, (Doc. 127), Defendant Penrac LLC's Motion to Dismiss, (Doc. 129), Defendants Equifax Information Services, LLC's Motion to Dismiss Plaintiff's Final Amended Complaint, (Doc. 131), Defendant NCB Management Services, Inc.'s Motion to

Dismiss, (Doc. 133), Defendant Fitch Ratings, Inc.'s Motion to Dismiss, (Doc. 135), and Defendant Experian Information Solutions, Inc.'s Motion to Dismiss Plaintiff's Final Amended Complaint, (Doc. 137), and Trans Union's motion to dismiss through joinder, (Doc. 142), are **GRANTED** and all claims as to these Defendants are **DISMISSED.**

This the 19th day of October, 2026.

William L. Osteen, Jr.
United States District Judge